IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:06-815-HMH |
| vs. | ) | |
| | ) | |
| Jonathan Joseph Mathis, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Jonathan Joseph Mathis's ("Mathis") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Mathis's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2007, Mathis pled guilty to being a felon in possession of a firearm. David Plowden ("Plowden") represented Mathis at plea and sentencing. On May 23, 2007, Mathis was sentenced to 200 months' imprisonment. Mathis did not appeal his conviction and sentence. Mathis filed the instant § 2255 motion on March 7, 2007.[1]

In his § 2255 motion, Mathis alleges that Plowden was constitutionally ineffective for (1) failing to obtain a psychological evaluation of Mathis, (2) coercing and threatening Mathis, (3) rushing Mathis into pleading guilty, (4) allowing "the government to renege on my plea agreement," (5) failing to object to the presentence investigation report ("PSR"), (6) failing to investigate the case, (7) failing to prepare a defense, (8) failing to contact any witnesses, and (9) failing to properly interview Mathis before trial. In addition, Mathis alleges that his due process rights were violated because he lacked awareness of what he was doing and the ability to

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

understand the gravity of pleading guilty due to his mental illness.  (Id. 5.)  The court will address each of Mathis's alleged grounds for relief below.

## II. DISCUSSION OF THE LAW

### A. Ineffective Assistance of Counsel Claims

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Mathis must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  With respect to the second prong, Mathis must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Psychological Evaluation

First, Mathis claims that his counsel was ineffective for failing to obtain a psychological evaluation of Mathis.  However, this claim is without merit.  A defendant is competent to enter a guilty plea if "the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him."  Godinez v. Moran, 509 U.S. 389, 396 (1993) (internal quotation marks omitted).  The issue is whether the movant has the ability to understand the proceedings, which the Supreme Court has described as "a modest aim."  Id. at 402.   "Mental illness and legal incompetence are not identical, nor are all mentally ill people legally incompetent."  Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995).

During the guilty plea colloquy, the following exchange occurred :

| | |
|---|---|
| The Court: | Have you ever been treated for any type of mental, emotional or psychiatric condition? |
| The Defendant: | Yes, sir. |
| The Court: | And when was that and what was it? |
| The Defendant: | I have paranoid schizophrenia and disassociative identity disorder and paranoid disorder. |
| The Court: | Are you presently being treated for that? |
| The Defendant: | Yes. |
| The Court: | Are you taking medication for that? |
| The Defendant: | Yes, sir, I take about 16 pills a day. |
| The Court: | Mr. Plowden, what do you know about that? |
| Mr. Plowden: | We've talked about it, Your Honor.  I have no doubt as to his competence.  He's understood everything we've talked about.  We have had very in-depth discussions about this case. |
| The Court: | Mr. Mathis, in your opinion, because you certainly appear to be intelligent from my limited discussion with you, and you certainly seem to be – understand what's taking place here, during your discussions with your attorney, do you feel like you have understood everything? |
| The Defendant: | I believe that I understand, yes, sir. |
| The Court: | And your mental situation in your opinion has not interfered with that? |
| The Defendant: | Not that I'm aware of, no, sir. |
| The Court: | Okay.  The Court finds that the defendant is competent to proceed and that finding is based upon - - let me first ask you this.  Other than the medication which has been prescribed for you to take, are you under the influence of anything else, alcohol, drugs or medicine or anything else? |
| The Defendant: | No, sir, just my prescribed medication. |
| The Court: | The Court finds that the defendant is competent to proceed and that finding is based upon the answers given and the representations made and also from my observation of the defendant standing before me this morning. |

(Guilty Plea Tr. 3-5.)  Plowden has appeared before this court hundreds of times and is a very experienced federal public defender.  Further, the court observed Mathis's demeanor and behavior in the courtroom and noted that he behaved rationally throughout the proceedings.

3

Further, there is no evidence that indicates any medication rendered him incompetent. In addition, a review of the guilty plea transcript reveals that Mathis understood the proceedings and asked questions. Based on the foregoing, Plowden was not constitutionally ineffective for failing to obtain a psychological examination because Mathis was not incompetent to plead guilty. Moreover, Mathis has failed to show any prejudice. Therefore, this claim is without merit.

### 2.  Coercion Claim

Mathis's claim that Plowden coerced and threatened him and rushed him into pleading guilty "is properly construed not as a claim of ineffective assistance of counsel, but rather as a claim that h[is] guilty plea was not knowing, voluntary, and intelligent. As such, it is procedurally defaulted as a result of petitioner's failure to raise it on direct review." Gao v. United States, 375 F. Supp. 2d 456, 465 (E.D. Va. 2005) (citing Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")). In addition, under oath during his guilty plea hearing Mathis stated that no one forced, threatened, or coerced him to plead guilty. (Guilty Plea Tr. 10.) Moreover, Mathis stated that he had no complaints of his attorney or anyone else in connection with his case. Further, Mathis has failed to show cause or prejudice from failing to raise this claim on direct appeal. Gao, 375 F. Supp. 2d at 465. As such, this claim is without merit and warrants no further consideration.

### 3.  Lack of Preparation and Investigation Claims

With respect to Mathis's allegations that Plowden was ineffective for failing to investigate the case, to prepare a defense, to contact any witnesses, and to properly interview

4

Mathis before trial, these claims are without merit. Mathis pled guilty. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citations omitted).

In addition, Mathis fails to explain how he has been prejudiced by Plowden's alleged failures with respect to the preparation of the case. "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea agreement." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997). Mathis does not explain what further investigation Plowden should have done or what witnesses he should have contacted. In addition, Mathis does not explain how a more detailed interview of him would have aided his defense. Moreover, during the guilty plea colloquy, Mathis stated that he had enough time to discuss his case with Plowden and that he was satisfied with Plowden's representation. (Guilty Plea Tr. 5.) These conclusory allegations fail to show that Plowden acted in an objectively unreasonable manner with respect to his decisions concerning investigating the case, contacting witnesses, and interviewing Mathis, and there is no showing of how any of the unnamed witnesses or alleged errors prejudiced Mathis. As such, these claims are without merit and warrant no further consideration.

### 4. Plea Agreement Claim

In addition, Mathis's claim that Plowden was constitutionally ineffective for allowing the government to "renege" on his plea agreement is wholly without merit. Mathis did not have a written plea agreement with the government. Further, during his guilty plea colloquy, the court asked Mathis whether anyone promised him what his actual sentence would be. (Guilty Plea Tr. 10.) Mathis responded "yes, they did." (Id.) The court stated, "I'm not talking about a range of sentence but what your actual sentence would be." (Id.) Mathis responded, "They said . . ., 188 months." (Id. 11.) Plowden stated, "We have discussed the guidelines, . . And I think part of this is the U.S. Attorney is willing to recommend a sentence on the low end of the range." (Id.) The court responded, "I have no problem giving you the low end of the range, but I'm not committing myself to that because I don't know anything about your record or about this. Do you understand that?" (Guilty Plea Tr. 11.) To which Mathis responded, "yes, sir." (Id.)

The court continued, "So I want you to understand that if you are pleading guilty, no one can promise you what your actual sentence would be. Do you understand that?" (Id.) Mathis responded, "Yes, sir." (Id.) The court later asked whether there was a plea agreement in the case. (Id.) The government stated that they were dismissing count 2, had no objection to Mathis receiving a three-point deduction for acceptance of responsibility, and agreed to recommend the low end of the guideline range. (Guilty Plea Tr. 11-12.) After the government indicated the above, the court asked Mathis "is that your full understanding, Mr. Mathis, as far as any promise made by the Government?" Mathis responded, "as far as I know, yes, sir." (Id. 12). Mathis was sentenced within the guideline range of 180 to 310 months. Based on the foregoing, Plowden

6

was not constitutionally ineffective because the government did not breach any plea agreement with Mathis. Therefore, this claim is without merit.

### 5. PSR Claim

Mathis alleges that his counsel was ineffective for failing to object to the PSR which "was full of errors and misinformation." (§ 2255 Mot. Attachment 1.) Mathis fails to cite any specific error in the PSR. These conclusory allegations fail to show that Plowden acted in an objectively unreasonable manner in failing to object to the PSR, and there is no showing of how Plowden's failure to object prejudiced Mathis. Therefore, this claim is without merit.

### B. Due Process Claim

Finally, Mathis alleges that his due process rights have been violated because the court accepted his guilty plea despite his long history of mental illness and treatment with anti-psychotic medication. (§ 2255 Mot. 5.) As set forth above, the court found that Mathis was competent to plead guilty. It is clear from a review of the transcript that Mathis understood the proceedings and communicated effectively with his lawyer. Therefore, this claim is dismissed.

It is therefore

**ORDERED** that Mathis's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina

March 13, 2008

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.