IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:06-815-HMH |
| vs. | ) | |
| | ) | |
| Jonathan Joseph Mathis, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Jonathan Joseph Mathis's motion to alter or amend the court's March 7, 2008, order ("March Order") summarily dismissing his 28 U.S.C. § 2255 motion pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. The instant motion was filed March 24, 2008.

Rule 52(b) provides: "[o]n a party's motion filed no later than ten days after entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." "The purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (internal quotation marks omitted).

In his § 2255 motion, Mathis alleged that his counsel was ineffective for failing to object to the Presentence Investigation Report ("PSR") which contained numerous errors. The court noted in its March Order that Mathis failed to cite any specific error in the PSR. (March Order 7.) In the instant motion, Mathis outlines the alleged errors in the PSR. However, Mathis has failed to demonstrate that he was prejudiced by his counsel's failure to object to these alleged errors because none of the alleged errors affected the guideline calculations in the PSR. In addition, Mathis alleges that the March Order contained a typographical error on page 6 stating

incorrectly that his guideline range was 180 to 310 months, when it should have stated that the guideline range was 180 to 210 months.  This typographical error in no way affected this court's decision.  Mathis was sentenced within the guideline range to 200 months' imprisonment.

Further, Mathis realleges the remainder of his ineffective assistance of counsel claims and his claim that his due process rights were violated because he was mentally incompetent to plead guilty.  Mathis is attempting to relitigate the issues raised in his § 2255 motion.  In addition, Mathis has failed to present any newly discovered facts or manifest error.  Therefore, Mathis's motion pursuant to Rule 52(b) is denied.

Moreover, to the extent Mathis is moving to alter or amend his judgment under Rule 59(e), this motion is denied.  A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds:  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment. . . ."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  Id. (internal citation and quotation marks omitted).  Mathis has failed to show that the court must reconsider its decision "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice," or that his circumstances were exceptional.  Hutchinson, 994 F.2d at 1081; Pac. Ins. Co., 148 F.3d at 403.  Therefore, Mathis's motion is denied.

It is therefore

**ORDERED** that Mathis's motion to amend, docket number 43, is denied.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
March 31, 2008

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of his right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.