IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

United States of America          )
                                  )
        vs.                       )      Cr. No. 6:06–815
                                  )
Jonathan Joseph Mathis, #220561,  )      **OPINION & ORDER**
                                  )
        Movant.                   )

This matter is before the court on Jonathan Joseph Mathis's ("Mathis") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. At all relevant times, Mathis has been in federal custody. However, Mathis originally filed this motion on March 10, 2008, as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. By order dated June 26, 2008, Magistrate Judge Thomas E. Rogers corrected this procedural error and directed that the improperly filed habeas petition be recharacterized as a motion under § 2255.

Immediately prior to filing the § 2254 petition on March 10, 2008, Mathis also filed a motion under § 2255. The grounds for relief asserted in both are substantially the same.

On March 13, 2008, the court dismissed Mathis's § 2255 application. Mathis moved for reconsideration, which was denied, and then filed his notice of appeal with the United States Court of Appeals for the Fourth Circuit. That appeal remains pending.

The disposition of Mathis's second, recharacterized § 2255 motion is now before the court. Pursuant to Magistrate Judge Rogers's order of June 26, 2008, the effective filing date of Mathis's motion relates back to the date on which the § 2254 petition was filed, which was March

1

10, 2008.  This creates the circumstance in which Mathis filed two motions for relief under §

2255 on the same day.  Filing more than one motion under § 2255 is generally prohibited.  28

U.S.C. § 2255.

To properly file a second or successive application for relief with the district court, the

applicant must first obtain authorization to file his application from the appropriate court of

appeals.  28 U.S.C. §§ 2244, 2255; United States v. Winestock, 340 F.3d 200, 205 (4th Cir.

2003).  "The court of appeals must examine the application to determine whether it contains any

claim that satisfies . . . § 2255."  Winestock, 340 F.3d at 205.  The class of claims that satisfies §

2255 are few.  The applicant must come forward with "newly discovered evidence that, if proven

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense."  28 U.S.C. § 2255(h).  Alternatively, the applicant may cite "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable."  Id.  In the absence of pre-filing authorization from the court of appeals, the district

court is without jurisdiction to consider a second or successive application.  Winestock, 340 F.3d

at 205.

In this case, the petition that Mathis originally filed under § 2254 (but which became an

application under § 2255) was filed after an application under § 2255.  The later-filed motion is a

second application for relief that requires pre-filing authorization from the Court of Appeals for

2

the Fourth Circuit.  Because Mathis has not obtained that authorization, this court does not have

jurisdiction to consider the application, which must be dismissed.[1]

Therefore, it is

**ORDERED** that Mathis's motion under § 2255, docket number 51, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 1, 2008

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Even if the court were to consider the merits of Mathis's second application under § 2255, the relief requested could not be granted.  The grounds raised in the previously filed application are substantially identical to those raised in this application, and the previously filed application was summarily denied upon the merits.

3